**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAMADOU PATHE DIALLO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   19-72049<br><br>Agency No. A215-671-007<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020[**]
Pasadena, California

Before:  O'SCANNLAIN, CALLAHAN, and COLLINS, Circuit Judges.

Mamadou Diallo petitions for review of the Board of Immigration Appeals'

(BIA's) denial of his application for asylum, withholding of removal, and relief

under the Convention Against Torture (CAT). The facts are known to the parties, so

we do not repeat them here.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

During his asylum interview, Diallo claimed that he was able to avoid detection at the airport because the police were not expecting him to leave the country through the airport, his parents arranged for someone to assist him at the airport, he traveled at night, and there were no cameras capable of finding him. However, he later told the immigration judge that the reason he evaded capture was that he had help from a smuggler who bribed the police at the airport. Substantial evidence supports the BIA's finding that Diallo's explanation was inconsistent. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

Diallo does not challenge the finding that his story of how he escaped from a hospital was not credible. Therefore, he has waived any argument against it. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

Because substantial evidence supports the BIA's determination that Diallo was not credible, he has not met his burden of proof that he is eligible for either asylum, *see* 8 U.S.C. § 1158(b)(1)(B), or withholding of removal, *see id.* § 1231(b)(3)(C).

Diallo does not challenge the determination that he is otherwise ineligible for CAT relief. Accordingly, such argument is waived. *Kama*, 394 F.3d at 1238.

II

Diallo challenges other decisions made by the immigration judge. However,

because such decisions were not addressed by the BIA, they are outside the scope of our review. *See Maldonado v. Lynch*, 786 F.3d 1155, 1160 (9th Cir. 2015) (en banc).

**PETITION DENIED**.